O’Neall, J.
delivered the opinion of the Court.
The only question necessary to be considered, is Whether the Judge was rig'ht in holding that Burr was not a co-partner. For all the other supposed errors are in fact merely, and cannot affect the verdict. If the plaintiffs be entitled to their verdict, then the security for costs is wholly unimportant. But according to the case of Cleverly v. McCullough, 5 MS. No. 414. the utmost the defendants could have asked, would have been that the assignee of the plaintiffs should have entered into a consent rule to become liable for the costs.
I am aware, that participation in profits is enough in most cases to make a man a partner. The ease of Simpsom v. Pheltz, 1 McC. Chan. R. 213, is full to that point. But although it makes him a partner in the concern, yet it gives him no title to the capital stock, if his interest be merely in the profits. That seems to be the case with the witness, Burr — the goods were purchased by the plaintiffs, and he, as their agent, sold them. For his services, he was to receive a part, one-half of the nett profits. This was an interest merely, hi the profits, when the goods were sold. The goods, until sold, were the property of the plaintiffs ; and when unsold, he had no interest whatever in them. The plaintiffs could maintain, by their property, trespass or trover against a stranger, who might take them away.
So too, I think, there is no doubt, where one does not become a member of a concern, but is to act as an agent or clerk in effecting sales, and his compensation for his services, is to be measured by the profits, that in such a case, he would not be a partner. It is true, that unless there were profits, he could not receive any compensation, and to ascertain whether there were or not profits, losses *474 as.well as expenses, must be deducted; and hence therefore, in an account for his services, he would be regarded as quasi partner to ascertain his compensation. But he has none of the general rig-1 its of a partner, nor is he subject to his liabilities. He stands merely as an agent managing for his principal a mercantile concern.
The motion is dismissed.
Richardson, J. Evans, J. Frost, J. and Withers, J. concurred.

Motion refused.